UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3: 20-CR-269 |
| VS. | : | |
| | : | |
| THOMAS HARTLEY | : | |
| Defendant | : | JUDGE ROBERT D. MARIANI |

SENTENCING MEMORANDUM

**AND NOW** comes the Defendant, Thomas Hartley by and through his

Attorney, David Cherundolo, files the following Sentencing Memorandum in order

to aid the Court in sentencing.

I.   **Procedural Background**

On March 21, 2023, the Defendant entered a Guilty Plea to Count 9 of

the Second Superseding Indictment, which charged the Defendant with a

violation of  18 U.S.C. §3141, Mail Fraud. The Plea Agreement

encompassed all alleged violations committed by the Defendant and

aggregated the total loss of $197,366. 00. A Pre-sentence Report was

ordered and the revised report, dated July 6, 2023, calculates an

imprisonment range of 27-33 months based on a Criminal History

Category of II and a total offense level of 17.

The Defendant has lodged two objections which have not yet been resolved. The first regards Paragraph 72 which denies the Defendant the 3 level reduction for acceptance of responsibility and Paragraphs 85 and 86 which concern the calculation of his criminal history.

Probation argues that Mr. Hartley's post indictment behavior prevents him from enjoying the benefits of a 3 level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E.1.1. While the Defendant cannot deny that his actions subsequent to his original indictment were contrary to the rules imposed upon him as a condition of his Pre-trial release, it cannot be denied that each infraction was based in the use of an illegal substance. Paragraphs 124 to 126 of the PSR outline Mr. Hartley's struggle with controlled substances. Clearly, Mr. Hartley suffers from Substance Abuse Disorder which is a mental disorder that affects a persons brain and behavior, leading to their inability to control their use of substances like illegal drugs, alcohol, or medications. Mr. Hartley suffers from the most severe form of Substance Abuse Disorder in that he is clearly addicted to opioids and alcohol. Denying Mr. Hartley the 3 points of acceptance of responsibility recommended by the Government in the Plea Agreement for suffering from a recognized mental illness is like denying him the points for being a diabetic.

Secondly, the Defendant's objects to being placed in a Criminal History Category II as a result of two DUI arrests which occurred on the same day. (see Paragraphs 86 and 87). Mr. Hartley has yet to be sentenced on these two events and therefore it is unclear how the Common Pleas Judge will treat these two DUI's. The Defendant is arguing that they should be considered one because they are a continuing course of conduct which occurred on the same day and in the same county.

II.   **Argument**

Pursuant to US V. Gunter 462 F. 3d 237 (3rd Cir. 2006) the Sentencing

1. Court must Properly calculate the guideline range;

2. Rule on any Departure Motion made under the guidelines;

3. Exercise post-Booker ( United States v. Booker 543 U.S. 220 2003) discretion by choosing a sentence in light of all of the §3553 factors, (regardless{of}and whether {the chosen sentence} varies from the sentence calculated under the guidelines).

III.   **Sentencing Factors as Applied to Thomas Hartley**

(a) 18 U.S.C. §3553 (a) outlines the task facing District Courts in considering guidelines. The Court must determine applicable

guideline range, and further consider applicable policy statements. After considering the guidelines, the Court must consider all other factors set forth in §3553 (a) before determining whether (i) to impose a sentence that would have been imposed under the guidelines, i.e., a sentence within the applicable guideline range are within permissible departure authority, or (ii) to impose a non-guideline sentence.

Thomas Hartley is forty-nine (49) years old and left high school in the tenth or . eleventh grade because of issues at home. Mr. Hartley describes his childhood as "tough" indicating that his parents were alcoholics and rarely home because they worked multiple jobs. Mr. Hartley further indicates that he suffered mental and physical abuse at the hands of his parents mainly due to their substance abuse issues.

Despite Mr. Hartley's living conditions as a child, the abuse he suffered and the fact that he left high school before graduating, he went on to obtain a GED and graduated with an Associate's Degree, a Bachelor's Degree, and a Master's Degree in Accounting. Mr. Hartley's work record indicates that he had a long-standing employment with the United States Department of Labor in the Office of Inspector General for nearly twenty (20) years.

In addition to his work history, Mr. Hartley has a long military service history which began with his enlistment in the National Guard in New Jersey in

1991. Since that time, he had multiple deployments which included active combat. Throughout his time in the military Mr. Hartley received a meritorious service medal and was recently separated from the service with the rank of Major.

We are now faced with the question of how does a man like Mr. Hartley, with a long employment record with the same organization, who is well educated, and served his country for many years in the National Guard and Army find himself involved in this criminal activity. It is clear from the Pre-sentence Report that in addition to suffering from Substance Abuse Disorder, Mr. Hartley suffers from mental issues in the form of PTSD, depression and anxiety, and a gambling addiction. To make matters more stressful in his life, his marital concerns between Thomas and Hulya help exacerbate the other issues with which Mr. Hartley is suffering. (It should be noted that the divorce between the Hartley's is now final and all financial issues between them have been settled. See copy of Divorce Decree attached to this memo.) Mr. Hartley's PTSD, anxiety and depression are well documented through records from the Veteran's Affairs Medical Center and his primary care physician. The report indicates that on one occasion he was involuntarily committed to a mental health facility. Records also indicate that he was currently treating through the Lackawanna County Jail and had prior treatment through the Veteran's Affairs Medical Center.

At Paragraph 122 of the PSR there is an indication of the gambling addiction which was noted above because of the loss he sustained at Mt. Airy Casino from the year 2017 through 2021. That loss amounted to $231.058.00.

The substance abuse issues began when he was prescribed narcotics for pain management for several years. While he believes he managed them well for decades, the stress of his divorce caused his primary care physician to prescribe benzodiazepines for anxiety and, as Mr. Hartley indicates, this combination was totally unmanageable. While attempts to control this addiction through a partial hospitalization program in 2021 were temporarily successful, it appears that Mr. Hartley was unable to control the triggers which caused him to use. Certain stressors would cause him to abuse the drugs which were prescribed.

While none of this is offered as an excuse for the crime to which Mr. Hartley pled, we are asking the Court to consider this in the context of 18 U.S.C.A. §3553. Clearly, anytime a person is sentenced to a federal prison there is an indication that the crime is serious, anytime a person is sentenced to a federal prison it acts as a deterrent, and anytime a person is sentenced to a federal prison the public is further protected from the Defendant.

Here, the Court is faced with a dilemma. It must sentence a defendant who has a good educational background, a long strong work record with one employer, and military service to his country for financial crimes that he committed while

still employed and serving. It is also faced with a defendant who has severe

substance abuse and mental health issues which must be addressed and must

balance those factors against types of sentence available.

IV.   **Conclusion**

Mr. Hartley understands the seriousness of his offense and is deeply

apologetic for his actions. He remains remorseful for his actions, remorseful for the

affect he has had on his family, and remorseful to this Court. Mr. Hartley has taken

a crucial first step in recognizing that he has made a great mistake in judgment

over the past several years. By accepting responsibility for his actions in this case

he has commenced his journey towards redemption. He has the education and the

tools to remain a productive citizen in the future with the ability to make amends to

those he has harmed. Accordingly, he is requesting a sentence that is well below

the advisory guideline range of imprisonment in this case.

RESPECTFULLY SUBMITTED,

/s/ David Cherundolo, Esquire
DAVIS CHERUNDOLO, ESQUIRE
Attorney for the Defendant
Anthony Thomas

A-13

Monroe County Prothonotary Filed July 21, 2023 7:43 AM

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

HULYA HARTLEY,                    :        No.   2188-CV-2019
        Plaintiff                       :        No.   284-DR-2019
                                   :
        vs.                             :
                                   :
THOMAS J. HARTLEY, II             :
        Defendant                       :

## DIVORCE DECREE

AND NOW, this 20 th of July, 2023, it is hereby **ORDERED** and
**DECREED** that Plaintiff, **HULYA HARTLEY**, and Defendant, **THOMAS J. HARTLEY,
II**, are DIVORCED from the bonds of matrimony.

The Recommendations of the Master as set forth in this Report, and by
the agreement of the parties on the record of the Master's Hearing dated June 26,
2023, are approved and incorporated, but not merged, in this Decree, and the parties
are directed forthwith to carry out the terms and conditions thereof.

The parties shall reaffirm or change the beneficiary status on any
life insurance policies, annuity contracts, pensions, profit sharing plans, or
other contractual arrangements providing for payment to a spouse if it is the
intention of the one of the parties to keep or change the other party as a
beneficiary.  Failure to do so may result in revocation of the beneficiary
Designation pursuant to 20 Pa.C.S. §6111.2 (Effect of Divorce or Pending
Divorce on Designation of Beneficiaries).

This is to certify that this is a true and correct copy
of: Decree
Certified From the Record this 21st Day of
July A.D. 2023
Court of Common Pleas of Monroe County
Forty-Third Judicial District Commonwealth of Pennsylvania
George J. Warden, Prothonotary
By
Julie Terhovicky, Chief Deputy Prothonotary

BY THE COURT:

_____
**Hon. Jennifer H Sibum, Judge**

cc:  Scott M. Amori, Esquire, Divorce Master
      Connie J. Merwine, Esquire
      Nicholas Masington, III, Esquire

Monroe County PA Prothonotary
JUL 20 '23 PM3:52